IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ART T. EASTERLING                                                                 PLAINTIFF

VS.                                            CIVIL ACTION NO.3:08cv523-DPJ-FKB

MARC LOGAZINA and
CITY OF FLOWOOD, MISSISSIPPI                                DEFENDANTS

## REPORT AND RECOMMENDATION

This case arises out of the arrest of Art T. Easterling for the offense of car jacking. During the course of the arrest, Easterling sustained a dislocated shoulder, for which he was treated at an emergency room and released. He brought this action against one of the arresting officers and the City of Flowood, alleging that he was subjected to excessive force during the arrest. Presently before the court is Defendants' motion for summary judgment. Having considered the motion and attachments, Plaintiff's response, and Defendants' rebuttal, the undersigned recommends that the motion be granted and this action dismissed.

The facts leading up to Plaintiff's arrest are not disputed. In December of 2005, a customer was inside of Lowe's Department Store in Flowood, Mississippi paying for a Christmas tree while his wife and children were waiting outside by their SUV for a Lowe's employee to bring the tree out and tie it to the top of the vehicle. Before the employee could finish securing the tree, Easterling jumped in the vehicle and sped away. Officer Mark Logazina was patrolling on Airport Road when he heard the dispatch call regarding the theft. Spotting a vehicle matching the description, he gave chase and caught the SUV at the intersection of Airport Road and Old Brandon Road. After confirming the

identify of the vehicle by tag number, Logazina activated his blue lights and siren, signaling for Plaintiff to pull over. Plaintiff refused, and a car chase ensued. Plaintiff fled down Old Brandon Road and eventually made his way to Highway 80 near Pearl. During the chase, Plaintiff passed cars in the path of oncoming traffic, ran red lights, and passed vehicles on the right shoulder. The chase ended only after law enforcement officials deployed spike strips at two intersections and performed a rolling road block. Once the vehicle came to a halt, Plaintiff exited and fled on foot. Officers caught him near a ditch in front of Sutherlands Home Improvement Center on Highway 80. Plaintiff was arrested, handcuffed, and placed in Defendant Logazina's patrol car. While en route to the Flowood Police Station, Easterling complained of chest pains. As a result, Officer Logazina requested that EMS assess Plaintiff upon arrival at the police station. The assessment revealed a possible dislocated shoulder. Plaintiff was taken to River Oaks Hospital, where he was treated for a dislocation of the acromioclavicular joint. No other abnormalities with his chest or ribs were noted. After treatment, he was released to the custody of the Flowood Police Department.

The factual dispute in this case concerns the force used by the officers to effectuate Plaintiff's arrest. Defendants contend that when they caught Plaintiff and placed him under arrest, he struggled and resisted their attempts to handcuff him. Plaintiff, on the other hand, contends that there was no cause for the use of force. He claims that when the officers approached him, he dropped to his knees, placed his hands behind his back, and peaceably surrendered. According to Plaintiff, the arresting officers nevertheless twisted his arms without cause, causing his shoulder injury, and choked and

2

beat him.

In their motion, Defendants argue that Easterling's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim alleging unconstitutional actions is not cognizable under § 1983 if the unlawfulness of those actions would necessarily imply the invalidity of a conviction or sentence, unless that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. Defendants point out that subsequent to his arrest, Plaintiff pled guilty to the crime of resisting arrest in connection with the incident, and that his conviction has never been reversed or otherwise invalidated or set aside. Their position is that Plaintiff's prevailing on his excessive force claim, given his version of the underlying facts of that claim, would necessarily imply that his conviction for resisting arrest was invalid. Therefore, according to Defendants, Plaintiff's claim is barred.

Proof of an excessive force claim does not necessarily invalidate a conviction for resisting the arrest during which the claim arose. Rather, the determination as to whether an excessive force claim is barred by *Heck* requires an analysis of "whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F. 3d 492, 497 (5th Cir. 2008). For example, In *Bush*, the plaintiff brought a claim for injuries received during an arrest. She had previously been convicted of resisting the arrest - a conviction that remained in effect. The Plaintiff did not deny that

she put up resistance; rather, her version of the facts was that her injuries were inflicted *after* she ceased resistance. The Fifth Circuit held that the claim was not necessarily barred by *Heck* because a factual issue existed as to when her injuries occurred: If the injuries occurred after she ceased resistance, as the plaintiff alleged, her claim would not impugn her conviction. *Id.* at 499.

The present case, however, is more in line with the cases of *Arnold v. Town of Slaughter*, 100 Fed. Appx. 321 (5th Cir. 2004), and *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). In *Arnold*, the plaintiff was in his house when a car was stopped by police near his driveway. Arnold emerged from his home, and a scuffle ensued between Arnold and one of the officers, causing both men to fall down. Arnold broke a bone in his neck as a result of the fall. According to the officers' version of the events, Arnold initiated the confrontation by threatening the officers and attempting to strike one of them. He was arrested and charged with public intimidation of police officers and possession of marijuana. These charges were eventually dropped. Subsequently, however, he was charged with and was convicted of resisting arrest in connection with the same incident. The conviction was based upon a factual finding that Arnold had interfered with the arrest of the motorist by being hostile and belligerent and making threats, and had initiated a physical confrontation with one of the officers during his own arrest. Several months later, Arnold brought an action for excessive force, contending that he had merely come outside to get his young son, who was looking at the police car lights, that he had done nothing to provoke the police officers, and that the officers had viciously attacked him for no reason. The Fifth Circuit concluded that Arnold's claims were

4

barred by *Heck* because his version of the events was inconsistent with his conviction for resisting arrest.

Similarly, in *DeLeon*, the plaintiff alleged that he had done nothing to provoke an officer's use of force against him. The officer, who had come to the plaintiff's home in response to a domestic dispute, insisted that DeLeon leave the home. According to DeLeon, the officer responded to the plaintiff's verbal protests by spraying him with mace; when DeLeon attempted to defend himself against the mace, the officer pulled out his baton and began swinging at DeLeon. DeLeon claimed he then grabbed the baton in self-defense, and the officers began fighting over it. During the altercation, the officer shot DeLeon several times; DeLeon contended that two of the shots were fired after DeLeon was on the ground unarmed. The court concluded that DeLeon's excessive force claim was barred because he had subsequently pled guilty to a charge of aggravated assault on the officer. *Id.* at 657. Although the plaintiff argued that his conviction would not be invalidated if he proved that excessive force was used after the need for it had ceased, the court rejected this position, noting that the plaintiff had not alleged in his complaint that the excessive force claims were separable from his aggravated assault on the officer. *Id.* at 656. Rather, the plaintiff had maintained in his complaint that he did nothing wrong and was simply defending himself; in the words of the court, the complaint described "a single violent encounter throughout which [the officer] used excessive force." *Id.* at 656-57.

In the present case, however, Plaintiff's version of the facts are wholly at odds with the facts necessarily established by his conviction for resisting arrest. Easterling's

5

complaint and deposition testimony describes a single violent encounter: he contends that he never put up any resistance at all but instead simply dropped to his knees and placed his hands behind his back, and that the officers then used unnecessary force against him. He has pled no alternative version of the facts. Accordingly, the undersigned concludes that his excessive force claim is inseparable from his conviction for resisting arrest because the excessive force claim as pled by him, if proved, would necessarily imply the validity of his conviction. Easterling's excessive force claim is not cognizable under § 1983.

For this reason, the undersigned recommends that Defendants' motion for summary judgment be granted and the complaint dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of September, 2010.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE