UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ART T. EASTERLING                                                                                      PLAINTIFF

V.                                                                              CIVIL ACTION NO. 3:08CV523 DPJ-FKB

MARC LOGAZINA AND
CITY OF FLOWOOD, MISSISSIPPI                                                           DEFENDANTS

ORDER

This cause came on this date to be heard upon the Report and Recommendation of the United States Magistrate Judge F. Keith Ball, after referral of hearing by this Court. The magistrate judge recommended dismissal of Easterling's § 1983 claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1984). The Court agrees.

Easterling raised two primary objections to the magistrate judge's report and recommendation. Easterling first complains that the Magistrate Judge Ball stated that Easterling was convicted of carjacking, when he was convicted of grand larceny, fleeing or eluding law enforcement, reckless driving, and resisting arrest following his theft of an automobile. Easterling attached a copy of the Flowood Police Department Police Report, which confirms he was in fact charged with these four offenses. This "mistaken labeling" which Easterling points out does not, however, change the Court's conclusion. Objection ¶ 1.

The majority of Easterling's objection challenges the finding that his claim is barred by *Heck*. Easterling relies heavily on *Bush v. Strain*, to support this position. 513 F.3d 492, 497 (5th Cir. 2008). Magistrate Judge Ball observed that "the determination as to whether an excessive force claim is barred by *Heck* requires an analysis of 'whether success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction.'" Report and

Recommendation at 3 (quoting *Bush*, 513 F.3d at 497).  Magistrate Judge Ball, in a thorough and well-reasoned opinion, decided that *Heck* barred Easterling's claims because the case was in line with *Arnold v. Town of Slaughter*, 100 F. App'x 321 (5th Cir. 2004) (finding claims barred by *Heck*) and *DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007) (same).  The undersigned agrees with that conclusion.[1]

As observed by Magistrate Judge Ball, Plaintiff's version of the facts is that he did nothing wrong and nothing to provoke the force that was used.  But this version is wholly at odds with the facts established by his conviction for resisting arrest.  If Easterling truly did nothing wrong at the scene of the arrest,[2] then it would necessarily imply the invalidity of his conviction for resisting arrest pursuant to Mississippi Code Section 97-9-73, which makes it "unlawful for any person to obstruct or resist by force, or violence, or threats, or in any other manner, his lawful arrest . . . by any state, local or federal law enforcement officer."  *See*, *e.g.*, *Arnold*, 100 F. App'x at 324 (applying *Heck* where plaintiff convicted of resisting arrest claimed he did nothing wrong and nothing to provoke excessive force).  Easterling's excessive force claim is inseparable from, and would therefore undermine, his conviction for resisting arrest.  As such, his claim is barred by *Heck*.

The Court, having fully reviewed the Report and Recommendation of the magistrate judge entered in this cause, and being duly advised in the premises, finds that said Report and Recommendation should be adopted as the opinion of this Court.

---

[1] Easterling also raises the issue of qualified immunity.  Because the Court finds his claim is barred by *Heck*, it need not consider qualified immunity.

[2] Easterling was also convicted for fleeing or eluding a law enforcement officer in a motor vehicle pursuant to section 97-9-72.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 21st day of January, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE